RICHARD I. SNOOK ET AL., APPELLEES, v. LEONARD N. SNOOK ET AL., APPELLEES, CHARLES F. FISHER, REFEREE-APPELLANT.

172 N. W. 2d 85

Filed November 21, 1969. No. 37267.

Fisher & Fisher, for appellant.

Bevin B. Bump, for appellees Richard I. Snook et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCown, J.

Charles F. Fisher, the court-appointed referee in a partition action has appealed from the order of the district court setting the amount of the referee's fee.

The referee was appointed June 25, 1968, and filed his report recommending a sale of the property on July 22, 1968. The land was sold September 10, 1968, and the sale confirmed September 23, 1968. The total sale price was $148,814.21. On November 1, 1968, the court entered an order and decree of distribution fixing and allowing costs and fees. The attorney's fees were set at $10,200 and the referee's fee was set at $2,500. The referee objected to his fee allowance as insufficient. The objections were overruled.

The essence of the contention here is that a referee's fee which is not set at a fixed percentage of the sale price of the property, and is not determined in a set ratio to the attorney's fee, is therefore unreasonable.

No case authority is cited, and there is no opposing brief. A referee's duties in a partition case are distinct and different from the attorney's duties. The statutes do not require the referee to be an attorney. The fact that an attorney may be acting as referee does not per se convert the referee's duties and fees to attorney's duties and fees, nor does it require that both fees be combined for division in a fixed percentage ratio.

While attorney's fees and referee's fees are considered in the same section of the statute, they are distinctly and separately treated. The last sentence of section 25-21,108, R. R. S. 1943, provides: "The court shall also determine and tax as costs a reasonable fee for the referee." The common denominator is that each fee shall be reasonable.

Many factors enter into a determination of what constitutes a reasonable fee in a given case. The nature and amount of the services performed, the time required, and the value of the property are all factors to be considered. A fixed percentage of the sale price of property sold in

a partition action is not the sole conclusive gauge by which to measure the reasonableness of a referee's fee. The reasonableness of a fee must be determined in each individual case and it is impossible to lay down a rule that would apply in all cases.

The determination of the amount of a reasonable referee's fee in a partition action rests in the sound judicial discretion of the trial court. It will not be disturbed on appeal in the absence of an abuse of discretion.

The district court did not abuse its discretion, and the judgment is affirmed.

AFFIRMED.