SUSAN GRACE BANKS SWEET AND EDDIE SWEET, WIFE AND HUSBAND, APPELLEES, V. MARGARET ANN BANKS FAIRBAIRN AND HOWARD FAIRBAIRN, HER HUSBAND, APPELLANTS.

303 N.W.2d 288

Filed March 13, 1981.   No. 43262.

Philip T. Morgan of Morgan & Morgan for appellants.

Leo F. Clinch and Van Steenberg, Myers & Burke for appellees.

Heard before KRIVOSHA, C.J., McCOWN, WHITE, and HASTINGS, JJ., and MURPHY, District Judge.

MURPHY, District Judge.

This is an appeal by the defendants from a judgment of the District Court of Kimball County, by which the trial court ordered partition of real estate in kind and awarded attorney fees to the plaintiffs' attorney in the sum of $4,200 and a referee fee in the sum of $1,800, both taxable as costs to be paid one-half by the plaintiff Susan Grace Banks Sweet and one-half by the defendant Margaret Ann Banks Fairbairn.

The subject of this controversy is 160 acres of land in Kimball County with an approximate value of $60,000. The plaintiff Susan Grace and the defendant Margaret Ann are sisters, and each were owners of an undivided one-half interest in the 160 acres in question. The ownership and the value of the land are not in dispute.

The land in question was part of a conveyance from Henry C. Furst to his children in 1946. One of these children was the mother of the two sisters who are parties to this action. This deed contained the following restrictive language: "This conveyance is made with the understanding that none of the grantees herein

may mortgage any part of said lands except to one of the other grantees herein or to Henry M. Furst, a son of the grantor, and that, in the event of the sale of the portion of the grantees or any of them, the remaining grantees, or any of them, or Henry M. Furst, a son of the grantor, shall have the option to purchase the share of the grantee selling, at the reasonable or going value of said share at the time of sale. The intention being to retain said property within the family."

In March 1961 the children of Henry C. Furst executed a warranty deed to the real estate in question to the parties to this action as tenants in common, in equal shares, reserving a life estate in the mother of the parties, Marie Furst Banks. Marie Furst Banks died prior to the filing of this action in partition.

This action arose when the plaintiff Susan Grace filed a petition and amended petition alleging a 50 percent ownership in the property and a like interest in her sister, the defendant Margaret Ann, and prayed for "judgment confirming the shares of the parties . . . and for a partition of said real estate according to the respective rights of the parties interested therein, or if the same cannot be equitably divided, that said premises may be sold and the proceeds thereof be divided between the parties according to their respective rights and for such other and further relief as equity may require."

After special appearances were overruled the defendants filed an answer, alleging that the plaintiff Susan Grace was not entitled to partition because of the restrictive covenant in the deed of 1946. In her answer the defendant Margaret Ann prayed that the petition be dismissed and that, if partition were ordered, it be in kind.

On plaintiffs' motion for judgment on the pleadings and for summary judgment, the trial court found that the restrictive language in the deed had been satisfied and in the alternative was void. The court further found that there was no genuine issue as to any material

fact and that the plaintiffs were entitled to judgment as a matter of law. A referee was appointed and filed a report recommending partition in kind. The court approved the report and directed partition in kind. Thereafter, the trial court held a hearing in regard to attorney fees, referee fees, and taxing of costs. The plaintiffs' attorney was awarded a fee of $4,200 and the referee a fee of $1,800, and the fees were taxed one-half to the plaintiff Susan Grace and one-half to the defendant Margaret Ann.

The judgment of the trial court is affirmed.

The appellants assert that the court erred in allowing partition. The trial court correctly ruled that the 1961 conveyance of the 160 acres in question by the children of Henry C. Furst to the parties to this action as tenants in common satisfied the restrictive language in the 1946 deed of Henry C. Furst. Therefore, the question of whether that restriction is void by reason of public policy is not at issue and need not be decided.

The appellants assert that the trial court erred in awarding a fee of $4,200 to plaintiffs' attorney and a referee fee of $1,800, and in ordering both fees taxed one-half to the plaintiff Susan Grace and one-half to the defendant Margaret Ann.

In making a determination in regard to attorney fees and fees for the referee, the trial court correctly construed the provisions of Neb. Rev. Stat. § 25-21,108 (Reissue 1979): "If, in the proceedings in partition, judgment shall be entered directing partition, as provided in section 25-2179, the court shall, after partition or after the confirmation of the sale and the conveyance by the referee, determine a reasonable amount of fees to be awarded to the attorneys of record in the proceedings, which amount shall be taxed as costs in the proceedings. *If the shares confirmed by such judgment and the existence of all encumbrances of which the plaintiff had actual or constructive notice were accurately pleaded in the original petition of the plaintiff, such fees for the attorney shall be awarded entirely to*

*the attorney for the plaintiff;* otherwise, the court shall order such fees for the attorneys to be divided among such of the attorneys of record in the proceedings as shall have filed pleadings upon which any of the findings in the judgment of partition are based. The court shall also determine and tax as costs a reasonable fee for the referee." (Emphasis supplied.)

In this case the shares confirmed by the judgment of the trial court were correctly pleaded in the original and amended petitions. Thus, the award of attorney fees for the plaintiffs' attorney was proper, having been mandated by the provisions of § 25-21,108.

The determination of the amount of the fee awarded to the plaintiffs' attorney and the amount of the referee fee rests in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *Snook v. Snook,* 184 Neb. 798, 172 N.W.2d 85 (1969); *Junker v. Junker,* 188 Neb. 555, 198 N.W.2d 189 (1972).

The plaintiffs' request for an additional fee to be allowed by the Supreme Court is denied, and the judgment of the District Court is affirmed.

AFFIRMED.